O

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JAEL SARAI OROZCO AHUMADA )<br>)<br>Defendant. )<br>)<br>_____ )<br>)<br>)<br>)<br>)<br>) | CASE NO. CR 13-221-DOC<br><br>ORDER REGARDING MOTIONS IN LIMINE AND JURY INSTRUCTIONS |

### I. BACKGROUND

On April 5, 2013, the United States of America ("the Government") indicted Jael Sarai Orozco Ahumada ("Defendant"). Indictment (Dkt. 14). The grand jury charged Defendant with three counts: one count of "willfully and knowingly ma[king] a false statement in an application for a passport" and two counts of "willfully and knowingly us[ing] and attempt[ing] to use a passport[,]" all in violation of 18 U.S.C. Section 1542. *Id.*

On November 27, 2013, the Government filed its first motion in limine to exclude the testimony of Dr. Jody Ward, who would testify as to Defendant's mental condition at the time of

the alleged crime. Dkt. 36. On December 2, 2013, Defendant filed her Motion to Present Expert Testimony of two experts: Dr. Jody Ward and Dr. Lourdes Arguelles. Dkt. 37. That day, the Court held a status conference in which it denied the Government's first motion in limine, and agreed to admit Dr. Jody Ward as an expert. Dkt. 39.

On December 3, 2013, the Government filed its second motion in limine to exclude the testimony of Dr. Lourdes Arguelles. Dkt. 38. That day, the Court held another status conference in which it again denied the Government's motion. Dkt. 41.

On December 4 and 5, 2013, parties filed dueling proposed jury instructions. Dkts. 42, 43.

## II. DISCUSSION

The question before this Court is fit for a criminal law casebook: if a lifelong member of a cult feels compelled to commit an act because of the precepts of that cult, was the act committed willfully? In short, no binding authority answers this question, and so the Court holds that Defendant ought to have the opportunity to present her theory to the jury.

### A. "Willfully" and "Knowingly"

Defendant is charged under the following provision of the United States Code:

> Whoever *willfully and knowingly* makes any false statement in an application for passport with intent to induce or secure the issuance of a passport under the authority of the United States, either for his own use or the use of another, contrary to the laws regulating the issuance of passports or the rules prescribed pursuant to such laws; or

2

> Whoever *willfully and knowingly* uses or attempts to use, or furnishes to another for use any passport the issue of which was secured in any way by reason of any false statement . . . .
>
> Shall be fined [or imprisoned, or both].

18 U.S.C. § 1542 (emphasis added).

With regard to both motions in limine and the jury instructions, the question before the Court centers on the meaning of "willfully and knowingly" within the context of this statute. The Government contends that "willfully" and "knowingly" are coterminous, both meant merely to preclude actions that are the result of accident, confusion, or inadvertence. Defendant contends that "willfully" has a distinct meaning from "knowingly," and refers to actions done voluntarily and intentionally, and with the specific intent to do something the law forbids. The Court agrees with Defendant.

The Government's main contention is that the following language from *Browder v. United States*, 312 U.S. 335, 342 (1941), is part of the holding, not mere dicta: "the word 'willful' often denotes an intentional[,] as distinguished from accidental[,] act. Once the basic wrong under this passport statute is completed, that is the securing of a passport by a false statement, any intentional use of that passport in travel is punishable." *Id.* at 342.

In *Browder*, the defendant, a United States citizen, obtained several passports under fake names. *Id.* at 336. Although he made "false statement[s] in an application for passport[,]" 18 U.S.C. § 1542, he used those passports to prove a truthful fact: his American citizenship. *Id.* at 337. The Supreme Court held that even though he did not use the passports for a false purpose, he nonetheless 'used' the false passport within the meaning of Section 1542. *Id.* at 340-42.

3

Notwithstanding the Government's contention, the holding of *Browder* was that if a fraudulently obtained passport is used to prove even a true fact, that 'use' nonetheless violates Section 1542. *See id.* The passages cited by the Government are dicta.

Furthermore, the quoted passage on which the Government relies notes only that, "the word 'willful' *often* denotes an intentional[,] as distinguished from accidental[,] act." *Id.* at 342 (emphasis added). The word 'often' suggests that the Supreme Court contemplated circumstances in which 'willful' does not denote mere non-accident. Here, Defendant presents an extraordinary theory—asserting essentially that her will was overpowered by a cult. Even if the cited *Browder* language was not mere dicta, a unique case such as the one before the Court may have been precisely what was contemplated by the Supreme Court when it articulated the 'often'-applicable definition of 'willful.'

Subsequent Ninth Circuit cases bear out the fact that *Browder* did resolve the question before this Court. In *United States v. Winn*, 577 F.2d 86, 91 (9th Cir. 1978), the Ninth Circuit noted that, "the [district court] correctly instructed the jury that '*an act is done willfully if done voluntarily and intentionally* and with the specific intent to do something the law forbids; that is to say, with a purpose either to disobey or disregard the law.'" (Emphasis added). If *Browder* had indeed defined "willful" to mean the mere absence of accident or inadvertence, then the jury instruction in *Winn*—which defined 'willfully' as 'voluntarily and intentionally'—would have been inappropriate, and would not have been quoted approvingly.

Next, the Government directs the Court's attention to the following language from *United States v. Suarez-Rosario*, 237 F.3d 1164, 1167 (9th Cir. 2001): "Knowing use of any false statement to secure a passport, including the use of a false name or birth date, constitutes a

4

violation of § 1542." There, however, the defendant-appellant was positing that proof of true identity was an element of Section 1542 crimes. *Id.* at 1166-67. The Ninth Circuit rejected that argument, and held only that proof of true identity—a requirement that has no basis in the text of the statute—need not be proven for Section 1542 crimes. *See id.*

Unlike *Suarez-Rosario*, here, Defendant is not asking this Court to write text into a statute. In fact, the opposite is true. The Government is asking this Court to shut its eyes to the term "willfully," and look only to whether Defendant acted "knowingly." Such a reading would, of course, run afoul of the longstanding canon of construction to construe a statute "so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant." *Corley v. United States*, 556 U.S. 303, 314 (2009). This Court is not authorized to selectively ignore pieces of statutes.

The Court notes that the Government does cite persuasive dicta and out-of-circuit authority. However, in the absence of binding in-circuit authority, this Court is reticent to hobble the Defense by reading words out of a statute. Therefore, the Court holds that "willful," within the context of Section 1542, carries a meaning separate from "knowing": that the criminal act was done intentionally and voluntarily. *See Winn*, 577 F.2d at 91 (approvingly quoting a jury instruction containing the same definition). In other words, the act was done with some measure of choice.

### B. Motions in Limine

Defendant sought to introduce the testimony of two experts: Dr. Jody Ward and Dr. Lourdes Arguelles. Dr. Jody Ward will testify that Defendant is psychologically predisposed to suggestion and control. Dr. Lourdes will testify that Defendant has been a member of a religious

5

sect, La Luz del Mundo, since childhood, her social network is almost entirely composed of members of this sect, and that she is required to travel to Mexico to attend meetings as a member of this sect. In short, Defendant contends that her alleged violations of Section 1542 were not willful because she was under the control of La Luz del Mundo, who required her to periodically leave the country.

For the reasons stated in Section II.A, the Court finds that the testimony of the two experts are relevant to the question of whether Defendant acted "willfully." Therefore, the Court DENIES Defendant's first two motions in limine.

### C. Jury Instructions

The Government and Defendant propose dueling jury instructions.

#### 1. Count One

In relevant part, the Government proposes the following:

> The defendant is charged in Count One of the Indictment with making a false statement in a passport application in violation of Section 1542 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:
>
> First, the defendant made a false statement in an application for a passport;
>
> Second, the defendant acted with knowledge that the statement was untrue;
>
> Third, the defendant acted willfully, that is deliberately and not by accident, mistake, or confusion; and

6

> Fourth, the defendant acted with intent to secure a passport for herself under the authority of the United States.

Government's Proposed Jury Instructions (Dkt. 42).

In relevant part, Defendant proposes the following:

> A person acts "willfully" as that term is used in these instructions when that person acted deliberately, voluntarily and intentionally.
>
> An act is done "willfully" if done voluntarily and intentionally and with the specific intent to do something the law forbids, for example, with a purpose either to disobey or disregard the law.

Defendant's Proposed Jury Instructions (Dkt. 44).

For the reasons stated in Section II.A, the Court adopts Defendant's definition of "willfully." However, the Court adopts the rest of the Government's instruction, which is thorough and accurate. Furthermore, it rejects the second paragraph of Defendant's instruction, having to do with specific intent. That paragraph suggests that motive, as opposed to voluntariness, is part of the analysis—a contention made by neither party. The Court hereby adopts the following jury instruction:

> The Defendant is charged in Count One of the Indictment with making a false statement in a passport application in violation of Section 1542 of Title 18 of the United States Code. In order for the Defendant to be found guilty of that charge, the Government must prove each of the following elements beyond a reasonable doubt:
>
> First, the Defendant made a false statement in an application for a passport;

Second, the Defendant acted with knowledge that the statement was untrue;

Third, the Defendant acted willfully, that is intentionally and voluntarily; and

Fourth, the Defendant acted with intent to secure a passport for herself under the authority of the United States.

### 2. Counts Two and Three

The instructions for Counts Two and Three, 'use' of a passport secured by false statements, are substantially the same as Count One. The Court adopts the following instruction:

The Defendant is charged in Counts Two and Three of the Indictment with using a passport secured by false statement in violation of Section 1542 of Title 18 of the United States Code. In order for the Defendant to be found guilty of those charges, the Government must prove each of the following elements beyond a reasonable doubt:

First, the Defendant used a United States passport as charged in the indictment;

Second, the passport was secured by making a false statement;

Third, the Defendant used the passport knowing it was secured by making a false statement; and

Fourth, the Defendant used the passport willfully, that is intentionally and voluntarily.

### 3. Lesser-Included Offenses

Defendant also contends that she is entitled to a jury instruction on lesser-included offenses. Specifically, she argues that 18 U.S.C. Section 1028(a)(4), which proscribes the

8

knowing possession of a false identification document, is a lesser-included offense of Section 1542.  The Government contends that given the facts to which parties jointly stipulated, a jury cannot rationally conclude that Defendant committed a Section 1028(a)(4) offense, but not a Section 1542 offense.  The Court agrees with the Government.

An instruction on a lesser-included offense is warranted if: "1) the elements of the lesser offense are a subset of the elements of the charged offense, and 2) the evidence would permit a jury rationally to find [defendant] guilty of the lesser offense and acquit [her] of the greater."  *United States v. Arnt*, 474 F.3d 1159, 1163 (9th Cir. 2007).  The elements of a violation of 18 U.S.C. Section 1028(a)(4), the proposed lesser-included offense, are: first, the defendant knowingly possessed an identification document (other than one issued lawfully for the use of the possessor) or a false identification document; and second, the defendant intended such document to be used to defraud the United States.  18 U.S.C. § 1028(a)(4); *see also United States v. McCormick*, 72 F.3d 1404, 1407 (9th Cir. 1995).

As to Count One, false statement in the application of a passport, the elements of Section 1028(a)(4) are not a subset of the elements of Section 1542.  In *United States v. Davenport*, 519 F.3d 940, 943-47 (9th Cir. 2008), on which Defendant relies, the offense of possessing child pornography was a lesser-included offense of the charged crime, receipt of child pornography, because one cannot receive an object without also possessing it.  Here, however, one can make a false statement on an application for a passport without possessing a false identification—neither offense implicates the other.  Therefore, Defendant is not entitled to a lesser-included offense instruction as to Count One.

As to Counts Two and Three, willful and knowing use of a passport obtained by false

statement, a jury cannot rationally find that Defendant violated Section 1028(a)(4), but not Section 1542. Parties have stipulated that Defendant used and attempted to use the passport secured by false statement in order to gain entry into the United States. Join Stipulation of Facts, ¶¶ 8-9. Given this stipulation, a jury could not rationally find that Defendant possessed, but did not use, the passport—this fact is precisely what was stipulated to. Furthermore, Section 1028(a)(4) contains the added element that Defendant intended to use the document to defraud the United States—a higher bar than for Section 1542 offenses, which requires only that the false passport was used knowingly and willfully. Therefore, Defendant is not entitled to a lesser-included offense instruction as to Counts Two and Three.

### 4. Diminished Mental Capacity

Finally, Defendant proposes a jury instruction on diminished mental capacity. It would read:

> Evidence has been admitted that the defendant may have suffered from a diminished capacity as a result of a mental disorder at the time that the crime charged was committed.
>
> You may consider evidence of defendant's diminished capacity in deciding whether the Government has proved beyond a reasonable doubt that the defendant acted with the intent required.
>
> The fact that a person may have suffered from a diminished capacity as a result of a mental disorder at the time of the commission of a crime may negate the existence of a specific intent.

> Evidence that a defendant acted or failed to act due to a diminished capacity is to be considered in determining whether or not she acted or failed to act with specific intent as charged.
>
> If the evidence leaves the jury with a reasonable doubt whether, because of her diminished mental capacity, the mind of the accused was capable of forming or did form the specific intent to commit the crime charged, the jury should acquit the accused.

Defendant's Proposed Jury Instructions at 6-7 (Dkt. 44).

Defendant's expert witnesses did not opine that Defendant suffered from any mental disorder. Rather, the experts testified that Defendant was psychologically predisposed to suggestion and control, and she was, in fact, under the control of the cult, La Luz del Mundo. Without more, this jury instruction is inappropriate because it suggests that Defendant suffers from a recognized psychological disorder.

Furthermore, in light of this Court's holding that the 'willfulness' element is not satisfied unless the allegedly criminal act was committed intentionally and voluntarily, it is unclear what the diminished mental capacity instruction would add. If Defendant can convince the jury that at the time of these charged crimes, she *was not* acting willfully, then there is no need to show that Defendant *lacked the capacity* to act willfully. In other words, proving diminished capacity would, in fact, be a higher bar than simply showing that the 'willfulness' element of the crime has not been proven. In order to avoid misleading or duplicative instructions, this Court hereby DENIES Defendant's request for jury instructions on diminished mental capacity.

**III.  DISPOSITION**

For the reasons stated above, the Court DENIES the Government's first two motions in limine. Furthermore, the Court adopts the jury instructions as to Counts One, Two, and Three as explained in Section II.C.1 and 2. Finally, the Court DENIES Defendant's requests for jury instructions on lesser-included offenses and diminished mental capacity.

IT IS SO ORDERED.

DATED: December 9, 2013

_____
DAVID O. CARTER
United States District Judge